NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

JAN 2 5 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-08-JMH

ROBERT H. SAWYER                                                                        PLAINTIFF

VS:                           **MEMORANDUM OPINION AND ORDER**

LEXINGTON FAYETTE URBAN-COUNTY
GOVERNMENT, ET AL.                                                                  DEFENDANTS

The *pro se* plaintiff, Robert H. Sawyer, lists his address as 2795 Leestown Road, Lexington, Kentucky 40511. He has filed a forty-page civil rights complaint in which he named twenty-two (22) defendants, many of whom are officials with Lexington-Fayette Urban County Government ("LFUCG") [Record No. 1]. The plaintiff has paid the $250.00 filing fee.

This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

### DEFENDANTS

The plaintiff has named the following entities and/or persons as defendants: (1) persons

1

identified only as "Federal Court Crony Thieves"; (2) the LFUCG; (3) the LFUCG Division of Police; (4) Mary Ellen Buxton Mynear; (5) Edward W. Gardner; (6) Major Michael Bosse; (7) Police Chief Anthony Beatty; (8) Sergeant Roy Wilson; (9) Officer Jim Capillo; (10) Judge Laurance B. VanMeter; (11) Judge Sheila Isaac; (12) Donald T. Mitchell; (13) Kelly Mitchell; (14) Detective Ryan Wilfong; (15) Detective Derrick Harris; (16) Officer Edward Jewell; (17) Joyce Clater, Fayette County Constable; (18) Captain James Turley; (19) Attorney Robert L. Abell; (20) Former Mayor Pam Miller; (21) Wilma Lynch, Fayette Circuit Court Clerk; and (22) Buddy Jenkins Supervisor, Court Services.

## CLAIMS

Summarized, the plaintiff alleges that various persons acting under color of state law violated his rights to due process of law and equal protection of the law guaranteed by the Fourteenth Amendment. These claims would fall under 42 U.S. C. §1983. The plaintiff further complains that persons acting under color of federal law violated his rights to due process of law and equal protection of the law .[1] These claims would fall under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

## DISCUSSION

The instant complaint originates from two vehicular incidents from 1996, and the plaintiff's resulting perception of discrimination at the hands of LFUCG police officers. The first was a traffic stop which occurred on June 14-15, 1996. The second event was an automobile accident which occurred on November 30, 1996. This is now the *fifth* civil action the plaintiff has filed in this Court

---

[1] The plaintiff identifies these individuals as "Federal Court Crony Thieves." [Complaint, p.1.]

2

concerning his complaints about these traffic stops, now over nine years after the fact. All four prior

lawsuits were ultimately dismissed. The Court takes judicial notice of these four lawsuits.

### 1. The First Sawyer Action [97-CV-251-KSF]

In *Sawyer v. Lexington-Fayette Urban County Government*, Civil Action No. 97-CV-251-

KSF ("the First Sawyer Action"), the plaintiff identified himself as an African-American male and

alleged that on or about the night of June 14-15, 1996, at 1:10 a.m., he had been illegally stopped,

searched, arrested, and charged with having no automobile insurance and driving under the influence

after an automobile accident in Lexington. He was found not guilty of the charges by a jury on

August 29, 1996, and on June 13, 1997, he filed a §1983 complaint in this Court. He sought

damages and named five of the same defendants named herein: the Lexington-Fayette Urban County

Government, the LFUCG Division of Police, and Police Officers Wilson, Wilfong, and Harris.

On June 23, 2000, this First Sawyer Action ended in entry of summary judgment in the

defendants' favor [*Id.*, Record Nos. 86-87]. The plaintiff appealed, arguing that the officers

wrongfully arrested him and then conspired together to fabricate the story of his having refused to

take a blood-alcohol test in order to justify the arrest. On November 15, 2001, the Sixth Circuit

affirmed. *See Sawyer v. Lexington-Fayette Urban County Government*, 18 Fed. Appx. 285, 2001 WL

1006237 (6th Cir. 2001) (Unpublished). The Sixth Circuit noted that the state trial court had

specifically found that Sawyer refused to take a blood-alcohol test, a finding not subject to review

except to the Supreme Court of the United States. The court held that the *Rooker-Feldman* doctrine

barred re-litigation of the issue in the federal district court.[2]

---

2

    This doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a

The Sixth Circuit also found that the plaintiff failed to establish a conspiracy; that any of the individual officers' actions were motivated by racial or other discriminatory animus; that he was deprived of a right or privilege, since he was found not guilty of the DUI charge; or that the challenged actions were pursuant to a government custom or policy, so as to make the two government agencies liable. It appears that the plaintiff did not appeal the Sixth Circuit's decision to the Supreme Court of the United States.

## 2. The Second Sawyer Action [03-CV-78-JMH]

On February 14, 2003, Plaintiff Sawyer filed his second civil rights lawsuit in this Court, *Sawyer v. Lexington-Fayette Urban County Government*, 03-CV-78-JMH ("the Second Sawyer Action"). In that case, the plaintiff described a November 30, 1996 automobile accident giving rise to criminal charges, subsequent exoneration, and civil lawsuit. As the defendants, he again named the same governmental units and the arresting officers, but also added as defendants Officers Edward Jewell and James Turley, the state court, and one of its judges.[3] The plaintiff referred to his dissatisfaction with the Court and the parties in a state action styled *"Robert Sawyer v. LFUCG."*[4]

In the Second Sawyer Action, the plaintiff alleged: (1) violations of his constitutional rights during that case, particularly the guarantees of due process and equal protection; (2) a conspiracy

---

federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482

[3]

The plaintiff named these same defendants in the instant civil rights complaint, 06-CV-8-JMH.

[4]

The plaintiff's civil rights action in state court apparently was *Robert Sawyer v. Edward Jewell, et al.*, Fayette Circuit Court No. 01-CI-4482.

4

among the defendants; and (3) negligence. The plaintiff sought injunctive and declaratory relief and damages, including punitive damages.

By memorandum opinion and order of April 14, 2003, the Court granted the motions of a few of the served defendants and entered judgment in favor of all of the defendants, for reasons stated in the opinion [*Id.*, Record Nos. 13 and 14]. The plaintiff did not timely appeal these rulings. Upon his later effort to do so, the Sixth Circuit construed his late motion for reconsideration as a Rule 60(b) motion and issued *Sawyer v. Lexington-Fayette Urban County Government*, 98 Fed. Appx. 481, 2004 WL 1193950 (6th Cir., May 27, 2004) (Unpublished). The Sixth Circuit affirmed this Court, finding that Sawyer had not satisfied the criteria for relief as specified in Rule 60(b).

### 3. The Third Sawyer Action [04-CV-265-JBC]

On June 10, 2004, less than two weeks after the Sixth Circuit affirmed the dismissal of the Second Sawyer Action, the plaintiff filed his third civil rights complaint in this Court, *Sawyer v. Lexington-Fayette Urban County Government*, 04-CV-265-JBC. The plaintiff alleged:   (1) violations of numerous of his constitutional rights, including his right to equal protection, to be free of excessive and unreasonable search and seizure, to due process, and to freely associate and peaceably assemble; (2) a civil conspiracy to violate his rights; (3) state torts, including assault, battery, and false arrest; and (4) that the two governmental units failed to train and supervise the police units and had a policy of permitting such treatment and covering it up. He sought an injunction against the LFUCG; a declaratory judgment, compensatory and punitive damages.[5] The

---

5

   In the Third Sawyer Action, the plaintiff named as defendants all of the same individuals and entities he had named in the First Sawyer Action and the Second Sawyer Action. He added, however, the following defendants: (1) Maryellen Buxton Mynear and (2) Edward W. Gardner; (LFUCG attorneys); (3) an additional police officer, Michael Bosse, (4) another official named Jim Capillo; (5) Chief of Police, Anthany Beatty; (6) Robert L. Abell, whom he identified as his (plaintiff's) defense counsel; and (7) former LFUCG mayor, Pam Miller. The plaintiff has included

plaintiff also listed a as "accomplices"a number of state judges and the two federal judges who presided over, and dismissed, the First Sawyer Action and the Second Sawyer Action.

The Court dismissed the Third Sawyer Action on initial screening for several reasons, noting that "The plaintiff's allegations are rambling, vehement, and indicative of his contempt for the judicial system." [*Id*, Record No. 6, p. 5]  First, the Court determined that the plaintiff failed to allege a sufficient factual basis for any of his claims [*Id.*, pp. 7-8].  Second, the Court determined that because of the ruling adverse to the plaintiff in the Second Sawyer Action, the *Rooker-Feldman* doctrine and the *res judicata* doctrine precluded his claims against Defendants Jewell, Turley, Wilson, Wilfong and Harris, LFUCG, and the LFUCG police department [*Id.*, p. 8].

Third, the Court held that the plaintiff's claims about the November 30, 1996 incident were barred by Kentucky's one-year statute of limitations [*Id.*, pp. 8-9].  Fourth, the Court concluded that to the extent the plaintiff was asserting a new complaint about police action that Defendant Beatty purportedly took in June of 2003 (false arrest and prosecution), the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994) barred that claim.[6]  [*Id.*, pp. 10-11]  Fifth, the Court dismissed the state tort claims the plaintiff had asserted [*Id.*, p.11].  The Court noted that under 28 U.S.C. §1367(c)(3) and the holding of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), a federal court

---

these seven individuals as defendants in his current complaint, 06-CV-08-JMH.

[6]

*Heck v. Humphrey* held that " in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983." *Id.* at 487.

6

should generally dismiss pendant state court claims if the federal claims are dismissed.

After dismissal of the Third Sawyer Action, the plaintiff filed two post-dismissal motions, one seeking reconsideration and one seeking an extension of time in which to file an appeal. On August 12, 2004, the Court denied both motions as groundless, noting that "Both motions are further indication of the plaintiff's refusal to accept court rulings as final." [Record No. 23]

### 4. Fourth Sawyer Action [05-103-JBC]

Seven months after dismissal of the Third Sawyer Action, the plaintiff filed his fourth civil rights complaint in this court, *Sawyer v. Lexington-Fayette Urban County Government*, 05-CV-103-JBC ("the Fourth Sawyer Action"). He asserted the same claims and named the same defendants as he had in his three prior civil actions. On review, the Court determined that the complaint failed to state a claim upon which relief could be granted and dismissed it [*Id.*, Record No. 3].[7]

The plaintiff filed several post-judgment motions in which he attempted to re-open and reargue his case. The Court denied these motions [*See* Orders, Record Nos.11 and 14]. In the Order entered on October 25, 2005, the Court described the plaintiff's submissions as meritless and " .. .no more than another of the plaintiff's vitriolic spews of rage." [Record No. 11]. The Court clearly warned the instant plaintiff that his filings were approaching the level of contempt of court and abuse of the judicial system. The Court specifically advised and warned the plaintiff as follows:

> "Mr. Sawyer is advised that the court has an obligation to protect the orderly and expeditious administration of justice. *Urban v. United Nations*, 768 F.2d 1497, 1500

---

[7] The Court also noted that the submission ran afoul of Fed.R.Civ.P. 8, which requires a complaint to contain a short and concise statement of the claims asserted [*Id.*, p.2].

(D.C. Cir. 1985)." This is accompanied by the Court's inherent authority to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). *In re Prevot*, 59 F.3d 556 (6th Cir. 1995) at 563-64 (citing *Eash v. Riggins*, 757 F.2d 557, 561 (3d Cir. 1985) (en banc)). These inherent powers include the power to impose fines or to issue sentences for abuse of the judicial process. *Id.*

- - - -

Moreover, it has been held that a "[p]laintiff's *pro se* status does not grant him an unfettered license to wage an endless campaign of harassment against . . . defendants or to abuse the judicial process." *Pfeifer v. Valukas, et al.*, 117 F.R.D. 420 (N.D. Ill., 1987). If a *pro se* litigant is abusing the judicial process by filing frivolous or malicious actions, such litigants are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal period." *Free v. United States of America*, 879 F.2d 1535, 1536 (7th Cir. 1989).

**In light of the instant plaintiff's constant filing of frivolous motions and his tone in them, it is more than fair for this court to admonish Plaintiff Sawyer that his continued ill-founded filings may become an open invitation for this court to take protective actions. The plaintiff is reminded that "[n]o one, rich or poor, is entitled to abuse the judicial process."** *Crisafi v. Holland*, **655 F.2d 1305, 1309 (D.C. Cir. 1981)."**

[Record No. 11] (Emphasis Added).

Undeterred by the Court's express warning from the month before, the plaintiff persisted in vexing the Court by filing a "Response." The Court ruled that it was a "nonsensical" and "hostile" filing [Order 11/30/05, Record No. 14]. The Court was also required to quash the summonses which the plaintiff had presented to the Clerk of the Court for issuance, as if the case had been ongoing. The Court *specifically* warned the plaintiff that his actions were unacceptable, stating as follows:

**"Mr. Sawyer has already been advised that the court has an obligation to protect the orderly and expeditious administration of justice and that the court may sanction him for continued frivolous or malicious actions. Record No. 11. Still, he filed a response to the order so advising him. His presentation of summons is equally in total disregard of the court's dismissal."**

[Record No. 14] (Emphasis Added).

8

The next day, December 1, 2005, the plaintiff filed a "Notice of Appeal" of the dismissal of the Fourth Sawyer Action. That appeal is pending. On January 11, 2006, the plaintiff filed the instant civil rights complaint, *Sawyer v. Lexington-Fayette Urban County Government*, 06-CV-8-JMH ("the Fifth Sawyer Action").

## 5. Fifth Sawyer Action [06-CV-8-JMH]

It is unnecessary for the Court to elaborate as to the claims raised in the Fifth Sawyer Action. It is a rambling, anger-filled diatribe in which he reasserts the same claims (complaints about his treatment at the hands of the LFUCG police department and the state and federal court systems), seeks the same relief (millions in damages and injunctive relief against the LFUCG) and names the same defendants as he did in the other four prior lawsuits discussed herein, all of which were dismissed as frivolous.

Accordingly, the Court dismisses this complaint on the merits, with prejudice, because it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). Under *Apple v. Glenn*, the application of the doctrines of *res judicata*, *Heck v. Humphrey*, *Rooker-Feldman*, and the statute of limitations render the allegations of this complaint "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d at 480. The Court will not elaborate in any further detail as to why these legal doctrines preclude the repetitive claims the plaintiff is raising for the fifth time, as this Court has explained them to the instant plaintiff in the dismissals of the four prior actions.

The Court will explain to the plaintiff that he is in contempt of court. As Judge Coffman noted as recently as November 30, 2005, the plaintiff has persisted in filing frivolous motions

relating to claims which have been dismissed not once, but several times.  A litigant is entitled to file a legal claim in this Court and receive an adjudication on that claim.  A litigant may not receive the outcome he seeks; he may not prevail for any number of reasons.  This Court is not, however, a forum to enable a litigant, such as Plaintiff Sawyer, to engage in an ongoing, vexatious therapy session.  The Court has already cited *Pfeifer v. Valukas*, 117 F.R.D. 420, to the plaintiff and will do so again: "The Plaintiff's *pro se* status does not grant him an unfettered license to wage an endless campaign of harassment against these defendants or to abuse the judicial process.  Nor does it relieve him of the duty to conduct the inquiries required by Rule 11." *Pfeifer*, 117 F.R.D. at 423.

In *Pfeifer*, the court imposed Rule 11 sanctions on the *pro se* plaintiff for bringing a frivolous action in which he argued that various federal income tax laws were unconstitutional.  In addition to implausibility of plaintiff's claim against various defendants who were apparently randomly named, the court determined that the plaintiff failed to conduct a reasonable inquiry into the facts and law and had a history of filing frivolous claims against many of same defendants. *Id.*[8]

Similarly, the instant plaintiff's claims have been addressed and disposed of on the merits four times, and in two instances, affirmed on appeal.  The plaintiff's filing of frivolous motions and

---

[8]

Other cases in which dismissal for violation of Fed.R.Civ.P. 11(b) has been employed and/or affirmed are: *Maerki v. Wilson*, 53 F.3d 331, 1995 WL 242004, **2 (6th Cir.(Ohio)) (Unpublished opinion) (district court did not abuse its discretion in imposing the sanction of dismissal for blatant violations of Rule 11 by Maerki and his counsel, where they advanced bogus legal claims, failed to file documents on time and inaccurately completed certificates of service; and generally adopted a cavalier approach to the Federal Rules of Civil Procedure and the Local Rules of the district court.); *Federal Deposit Ins. Corp. v. Project Development Corp.*, 819 F.2d 289, 1987 WL 37488, **5 -**6 (6th Cir.(Tenn.)) (Unpublished opinion) (district court properly dismissed case, denied appellant's motion to amend, and assessed Rule 11 sanctions against appellant's attorney where cross claim was filed for the improper purpose of avoiding dismissal through an "eleventh hour" filing of a meritless claim); and *Bogdan v. Eggers*, 2000 WL 1847608, *8 -*10 (N.D. Ill.) (Only the Westlaw citation currently available) (Finding that Plaintiffs had been abusing the judicial system since 1996 and had initiated litigation "for an improper purpose, namely to harass the City and its officers and to fraudulently obtain a money verdict.").

lawsuits which assert previously dismissed claims constitutes abuse of this Court, its officers, and limited resources for purposes unrelated to the pursuit of any legitimate legal claims.

Additionally, the plaintiff has continued his pattern in the Fifth Sawyer Action of showing complete disrespect to members of this Court. He refers to the undersigned and three other members of this Court as "Federal Court Crony Thieves." Even more disturbing, the plaintiff describes the Court's actions as being "Crimes worthy of state firing squad." [Complaint, p. 1]

"Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication." *Pounders v. Watson*, 521 U.S. 982, 988, 117 S. Ct. 2359 (1997). "A judge need not tolerate *disrespect or a deliberate show of defiance* in open court. To affront the dignity of the court the misbehavior need not insult the judge personally, but may consist of threats, *disrespect* or other like behavior." *United States v. Giovanelli*, 897 F.2d 1227, 1232 (2d Cir.1990) {Emphasis Added}.

The plaintiff was warned twice in the Fourth Sawyer Action that with respect to his claims stemming out of the 1996 traffic stop and automobile accident, the rulings of this Court were final. The Court told the plaintiff in October and November, 2005, to cease and desist from attempting to treat the Fourth Sawyer Action as ongoing litigation. In total disregard of those express warnings, the plaintiff filed the Fifth Sawyer Action, where he restated all of the same, dismissed claims. His action in filing the Fifth Sawyer Action is an abuse of this Court. Longstanding precedent confirms the power of courts to find summary contempt and impose punishment. *See, e.g., Ex parte Terry*, 128 U.S. 289, 9 S.Ct. 77 (1888). Sanctions in this case are appropriate.

11

The plaintiff is hereby **SANCTIONED AND FINED** the sum of **$500.00** for being in contempt of Court. The plaintiff may only cure his contempt by paying this sum, in full, to the Clerk of this Court within five (5) days of the entry of this Order. His failure to do so will result in the entry of a an order precluding him from filing any future civil actions in *any* division of this Court.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  The plaintiff's claims, and the complaint [Record No, 1] are **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

(2)  The plaintiff is hereby **SANCTIONED AND FINED** the sum of **Five Hundred Dollars ($500.00)** for being in contempt of Court.

(3)  The plaintiff may only cure his contempt by paying the sum of $500.00, in full, to the Clerk of this Court within five (5) days of the entry of this Order. Plaintiff's failure to do so will result in the entry of a an order precluding the instant plaintiff from filing any future civil actions in any division of this Court.

This the 25ᵗʰ day of January, 2006.

_Joseph M. Hood_
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

12